UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
Ex Parte:      MICHAEL P. OOT

                              Petitioner,

In the Matter of FRANCIS SACCO,

                              Plaintiff,

  -against-                                          6:99-CV-192
                                                                  (LEK)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

## DECISION AND ORDER

      Presently before the Court is a Motion for attorney's fees submitted by Michael P. Oot, Esq. ("Petitioner" or "Oot") pursuant to 42 U.S.C. § 406(b). Motion for attorney's fees (Dkt. No. 9). Petitioner seeks $1,914.00 in fees in connection with his representation seeking Social Security Disability Insurance Benefits for Francis Sacco ("Sacco"). Id. The Court ordered Petitioner to obtain a sworn affidavit from Sacco stating that their oral retainer agreement determined that Petitioner would charge a fee "based upon the reasonable value to the plaintiff of the services rendered" that would not exceed twenty-five (25) percent of the value of the benefits obtained for Sacco. Order (Dkt. No. 11). The Court also ordered Petitioner to submit documentation indicating the total amount awarded by the Social Security Administration ("SSA") to Sacco. Id. Petitioner has now submitted the required documentation. See Dkt. No. 12.

      In Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002), the Supreme Court held § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully

representing Social Security benefits claimants in court." Instead, § 406(b) requires courts to review these fee arrangements independently and ensure that the arrangements yield reasonable results. See id. Contingent-fee agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Id.; 42 U.S.C. § 406(b)(1)(A). After reviewing the contingent-fee agreement itself, the Court examines the character of the representation and the results achieved by counsel. Id. at 808.

In the instant matter, Plaintiff's counsel has requested $1,914.00 for thirteen (13) hours and twenty (20) minutes of work to be paid from funds withheld from Sacco's past-due benefits. Pet.'s Affidavit (Dkt. No. 9) at ¶ 5. SSA sent Petitioner a letter notifying him that SSA had paid him $4,125.25 from Sacco's past-due benefits for services performed on Sacco's behalf before SSA. Letter from SSA (Dkt. No. 12). SSA also confirmed that it was still withholding $4,880.00 pending Petitioner's request for a fee for services from the Court. Id. Petitioner states that the fees he is now seeking are reasonable within the limitation agreed upon with Sacco. Pet.'s Affidavit (Dkt. No. 10) at ¶ 10. Petitioner also submitted an affidavit from Sacco confirming that the requested fee is in keeping with his agreement with Petitioner. See Sacco Aff. (Dkt. No. 12).

After reviewing the submissions and the facts noted above, the Court finds that Petitioner's request is twenty-five (25) percent of the funds secured for Sacco and is presumptively reasonable. Therefore, the Court grants the Motion for attorney's fees. Furthermore, Defendant has raised no objection to Plaintiff's counsel's request.

Based on the foregoing discussion, it is hereby

**ORDERED**, that Petitioner's Motion for attorney's fees (Dkt. No. 9) is **GRANTED**; and it

is further

    **ORDERED**, that the Clerk serve a copy of this Order on all parties.

    **IT IS SO ORDERED**.

DATED:    July 20, 2007
              Albany, New York

                                  Lawrence E. Kahn
                                  U.S. District Judge